

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable E. R. Wright,
Superintendent, Texas
School for the Deaf,
Austin, Texas

Dear Mr. Wright:                    Opinion No. O-4231

                    Re: Whether or not the Board of
                        Control has the power to re-
                        possess itself of the trucks
                        in question.

        This will acknowledge receipt of your letter sub-
mitting the following request for a legal opinion, to-wit:

        "About 1937 the Board of Control had on
hand lots of machinery including typewriters,
adding machines, trucks, etc., in connection
with the W. P. A. At that time they sent two
trucks to the Texas School for the Deaf as an
outright gift and since that time the trucks
have been used by the school, registered in
the name of the school and kept in first
class condition by our mechanical department
and practically all tires on these trucks have
been placed there by funds belonging to the
Texas School for the Deaf. Yesterday the
Board of Control stated these trucks were
loaned to the School and requested that one
be returned to their department at which time
the Superintendent of the School stated that
the trucks were property of the School at the
time he assumed his duties and until the Board
of Control could show him where they were vest-
ed with authority to take from him this prop-
erty or legislative intent in that respect,
he would not release the truck. The Board of
Control did at that time make a transfer from
the Relief Commission to the Texas School for
the Deaf for these trucks.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"I want to know if the Superintendent is correct in the position he takes or if the Board of Control does have the power to take these trucks? If so, I will be glad to comply with their request and transfer both trucks."

Your letter discloses a fact situation quite material in the consideration of a reply.

If, as matter of fact, the trucks were merely loaned to the school at the will of the Board, the Board undoubtedly would have the right to demand their return. If, on the other hand, the trucks were supplied by the Board to the school as needed things, the Board would have no such authority.

Article 640 of the Revised Civil Statutes is in point, and controls the question as presented by the last assumption of fact. That Article is as follows:

"When any institution accumulates an amount of supplies on hand in excess of its needs, and another institution is in need of such supplies, the Board shall be authorized to transfer any of such supplies from the institution having such excess to such institution in need of such supplies, and the debit and credit shall be made on the basis that such supplies can be purchased in the open market at the time of the transfer, when it is less than the cost under the general contract for such supplies for the fiscal year, otherwise the debit and credit shall be made on the basis of the general contract price for that year." (Emphasis ours)

Of course, we cannot undertake to determine

Honorable E. R. Wright - page 3

a disputed issue of fact in this connection.

APPROVED DEC 3, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS-MR

APPROVED
OPINION
COMMITTEE

BY
CHAIRMAN

